| | |
|---|---|
| IN RE ESTATE OF MITCHELL KUZNAR,<br>a/k/a MIECZYSLAW KUZNAR<br>——————————————————————— | )<br>)<br>) |
| | ) |
| **THOMAS KUZNAR,** | ) |
| | )  **No. 12 CV 10086** |
| **Plaintiff,** | ) |
| | )  **Judge Joan H. Lefkow** |
| **v.** | ) |
| | ) |
| **ANNA KUZNAR,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Mitchell Kuznar died intestate on September 25, 1995, leaving behind two women,

Emilia Piastowska Kuznar and Anna Kuznar, who both claimed to be his surviving spouse.

Mitchell was a participant in the Kraft Foods Global, Inc. Thrift Plan ("the Plan") and, upon his

death, the Plan, presumably unaware of Emilia, made distributions to Anna as Mitchell's

surviving spouse.  In 1997, Thomas Kuznar, acting on behalf of his mother Emilia, filed for

letters of administration for Mitchell's estate in the Circuit Court of Cook County, Probate

Division (the "probate court") in case no. 97 P 762.  After a trial, the probate court determined

that Emilia was Mitchell's surviving spouse and that Anna was his putative spouse.  Emilia,

through Thomas, then sought turnover of the proceeds paid to Anna by the Plan, a dispute

continuing to this day.  Thomas filed a motion to reissue summary judgment regarding the

disputed proceeds on December 4, 2012.  Anna then removed the case to this court, claiming as a

basis for removal both diversity and federal question jurisdiction, which Thomas contests.  For

the reasons that follow, this case is remanded to the probate court.

**BACKGROUND**[1]

Mitchell and Emilia married in Poland in 1953, and their marriage was never annulled.

Their union produced a son, Thomas. Mitchell subsequently emigrated to the United States and

married Anna in 1971 in a civil ceremony in Cook County, Illinois. Mitchell and Anna lived

together as husband and wife until his death in 1995. Mitchell died intestate. His surviving

spouse was entitled to proceeds from the Plan. These proceeds were paid to Anna, with the final

distribution made in August 2000.

After Mitchell's death, Thomas, acting as Emilia's personal representative, filed a

petition for letters of administration in 1997 designating Emilia as Mitchell's surviving spouse.

Anna filed a cross-petition, which listed her as Mitchell's surviving spouse. After a trial, the

probate court entered an order on March 27, 2000 declaring Emilia Mitchell's wife and Anna his

putative spouse. On February 27, 2001, the Illinois appellate court upheld the probate court's

order.

Thomas, acting on Emilia's behalf, then petitioned the probate court for an order turning

over certain proceeds Anna had received from the Plan that were held in a segregated bank

account to Emilia. The motion was purportedly brought under ERISA—specifically 29 U.S.C.

§ 1132(a)(1)(B).[2] On August 23, 2001, the probate court concluded that the Illinois Putative

Spouse Statute, 750 Ill. Comp. Stat. 5/305, did not apply to the Plan proceeds and that the

---

[1] The following facts are taken from the record and the parties' briefs unless otherwise noted. *See Farnik* v. *F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013) ("To determine whether jurisdiction exists, we look beyond the jurisdictional allegations of the complaint and consider any evidence submitted on the issue."). As the issues have been litigated for many years, only the relevant facts will be repeated here.

[2] Anna claims that the motion was not properly brought under § 1132(a)(1)(B) as the Plan was not a party. The validity of this motion and the subsequent order is not before the court, as the court is only examining whether removal of the action was proper.

segregated account must be turned over to Emilia.  On September 19, 2001, Thomas, again on

Emilia's behalf, filed a petition for the turnover of all remaining proceeds Anna had received

from the Plan after Mitchell's death.  After years of delay and additional proceedings, on

February 24, 2010, a judgment was entered ordering Anna to pay Emilia $190,934.68, the

remaining funds from the Plan in addition to pre- and post-judgment interest.  But by this time,

Emilia had died, leading the Illinois appellate court to reverse the judgment because it was

entered in favor of Emilia, a deceased person without capacity to sue, and not her personal

representative.

Thomas then submitted letters of administration for Emilia's estate in November 2011, a

separate case opened in probate court under case no. 11 P 6624.  On December 8, 2011, the court

granted Thomas's request for letters of administration.  On December 19, 2011, Emilia's estate,

through Thomas, filed a renewed motion for summary judgment in Mitchell's probate case, case

no. 97 P 762.  Anna proceeded to remove case no. 11 P 6624 to this court.  Ultimately, on

November 8, 2012, this court granted Thomas's motion for voluntary dismissal of the removed

case, case no. 11 P 6624.  *Kuznar* v. *Kuznar*, No. 11 C 9229, Dkt. #57 (N.D. Ill. Nov. 8, 2012).

The court determined that Anna had only removed case no. 11 P 6624 and not the case presently

before the court, no. 97 P 762.  *Id.* at 1–2.  Thereafter, on December 4, 2012, Thomas filed a *pro*

*se* motion to reissue summary judgment as the "sole representative and beneficiary of Emilia

Piastowska-Kuznar" in case no. 97 P 762, seeking entry of a judgment against Anna for the

remaining Plan proceeds.  Anna promptly removed the case to this court.  Thomas, filing as "sole

representative and beneficiary of the Estate of Emilia Piastowska Kuznar, now seeks remand of

the case to probate court.

**LEGAL STANDARD**

Removal is proper over any action that could have been filed originally in federal court.

28 U.S.C. § 1441; *Tylka* v. *Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing

party bears the burden of demonstrating that removal is proper, and any doubt regarding

jurisdiction should be resolved in favor of remand. *Schur* v. *L.A. Weight Loss Ctrs., Inc.*, 577

F.3d 752, 758 (7th Cir. 2009). A case may be remanded for lack of subject matter jurisdiction

or, if timely raised, for failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c);

*see also GE Betz, Inc.* v. *Zee Co.*, --- F.3d ----, 2013 WL 1846541, at *9 (7th Cir. May 3, 2013).


**ANALYSIS**

Anna removed this case claiming both diversity and federal question jurisdiction. She

argues that the case falls within the exclusive jurisdiction of federal courts under ERISA and that

she is of diverse citizenship from Emilia, a Polish citizen. Thomas argues that the case should be

remanded because (1) the basis for federal jurisdiction was revealed at least by 2001; (2) the

forum defendant rule bars removal; and (3) ERISA preemption does not apply where a party is

seeking funds that have already been distributed by the Plan. In addition to disputing Thomas's

arguments for removal, Anna also contests Thomas's standing to challenge removal. That

argument dictates this court's determination of whether removal was proper.

I.      **Thomas's standing to challenge removal.**

The motion to reissue summary judgment, which Anna claims revealed the basis for

federal question jurisdiction was filed by Thomas "as sole representative and beneficiary of

Emilia Piastowska-Kuznar, surviving spouse, deceased." Dkt. 1, Ex. A. In filing his motion to

remand, Thomas identifies himself as the "sole representative and beneficiary of the Estate of

Emilia Piastowska Kuznar." Dkt. 17. Anna argues that neither of these filings are proper. First,

she claims that the motion to reissue summary judgment is a nullity because it is brought on

behalf of a deceased individual with no capacity to sue. She then claims that the motion to

remand is made "by an entity with no standing at this time before the court" because Emilia's

estate has not been added as a party to the motion to reissue summary judgment or, more

broadly, to the case before it was removed to this court. Dkt. 24 at 11.

Thomas has not responded to Anna's arguments on this point, instead focusing in his

reply only on the timeliness of removal. But compliance with the statutory thirty-day removal

period found in § 1446(b) is waivable if not properly raised within thirty days of removal. *See*

*W. Sec. Co.*, *a Subsidiary of Universal Mortg. Corp.* v. *Derinski*, 937 F.2d 1276, 1279 (7th Cir.

1991) (non-jurisdictional "objections to removal are waived unless made within thirty days");

*see also Matter of Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) ("after the 30 days

have expired a district judge may not remand on its own motion for non-jurisdictional

problems," such as failure to comply with Section 1446(b)); *N. Ill. Gas Co.* v. *Airco Indus.*

*Gases, A Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) ("[T]he time limitation

imposed by s 1446(b) is not jurisdictional; it is a strictly applied rule of procedure and

untimeliness is a ground for remand so long as the timeliness defect has not been waived."

(citations omitted)). Anna argues that because Thomas is not a proper party to the case, his

motion to remand is also improper and thus statutory defects, such as compliance with § 1446(b),

is irrelevant. But a finding that Thomas has no standing and that the motion to reissue summary

judgment is a nullity eliminates her case for subject matter jurisdiction and leads only to remand,

the result she is trying to avoid. *Smith* v. *Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1139 n.10 (7th Cir. 1994) (pursuant to 28 U.S.C. § 1447(c), "a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance" but must instead remand that claim to state court).

Anna does not dispute that Thomas was appointed Emilia's representative in Poland after her death. The Illinois Probate Act allows a representative duly appointed in another country to sue on the decedent estate's behalf in Illinois regardless of whether letters of administration are issued in Illinois. 755 Ill. Comp. Stat. 5/22-3. Thus, assuming that Thomas was validly appointed the representative of Emilia's estate in Poland, he has the right to pursue Emilia's claims without opening an estate in Illinois, which is the route he has chosen to pursue.

But whether Thomas has taken the proper steps to proceed on behalf of his mother's estate is less clear. Anna suggests that Thomas must seek to substitute Emilia's estate as a party in the case and that without doing so he cannot contest removal. If that is the case, then Thomas does not have standing to challenge removal. *See Allianz Global Risk US Ins. Co.* v. *Gen. Elec. Co.*, No. Civ. A 08-699-JJB-DLD, 2009 WL 1181467, at *2 (M.D. La. May 1, 2009) (recounting prior denial of motion to remand based on finding that plaintiff was not properly substituted into case at time notice of removal was filed and therefore lacked standing to file the motion to remand); *Chura* v. *Old Republic Nat'l Title Ins. Co.*, No. 1:08CV2386, 2009 WL 347755, at *2 (N.D. Ohio Feb. 10, 2009) (parties lacked standing to challenge removal where their intervenor complaint was never filed in the removed state court action). The court need not decide the question, however, for proceeding as if he does or does not have standing to challenge removal leads to the same conclusion that the case must be remanded to state court.

**II.    If Thomas has standing, removal was untimely.**

Assuming that Thomas has standing to challenge removal, he timely filed a motion to

remand and thus the court may consider his objection that Anna's removal was untimely.

Removal of this action would be timely if done within thirty days of receipt of a pleading,

motion, order, or other paper "from which it may first be ascertained that the case is one which is

or has become removable."  28 U.S.C. § 1446(b)(1), (3).  Anna contends that her removal was

timely because Thomas's filing of the motion to reissue summary judgment in December 2012

constituted a new action.  Her position is untenable, however, as that motion was not a new civil

action but rather just the latest filing in an action ongoing since 1997, when Mitchell's estate was

first opened.  Thus, this case is distinguishable from *Price* v. *Wyeth Holdings Corp.*, 505 F.3d

624, 628–29 (7th Cir. 2007), which Anna relies on.  There, the court rejected plaintiff's

argument that although a "cause of action" had been dismissed, the case as a whole continued on

for purposes of the removal clock, concluding that a voluntary dismissal essentially meant that

the case never existed.  *Id.*  But that is not what Thomas is arguing.  Here, Thomas's voluntary

dismissal of case no. 11 P 6624 (the case opened regarding administration of Emilia's estate) had

no effect on case no. 97 P 762 (the case currently before this court).  Case no. 97 P 762 has

remained pending since 1997 and involves only one action, not multiple ones as Anna would like

the court to find.

The court must thus determine whether the basis for federal jurisdiction was first

ascertainable only in December 2012 with the filing of the motion to reissue summary judgment

or whether the alleged bases for federal jurisdiction could and should have been ascertained

years earlier.  Anna claims that this court has subject matter jurisdiction because the action arises

under ERISA and because there is diversity jurisdiction.  Assuming that both these bases are

valid, Anna had notice of them at the latest in 2001.  Removal over eleven years later is too late.

Addressing diversity jurisdiction first, Anna cannot claim that she only ascertained that

Emilia was a citizen of a foreign state and that the amount in controversy exceeds $75,000 in

December 2012.  The proceedings to determine heirship revealed Emilia's citizenship, and the

August 23, 2001 order for turnover involved $84,030.81.  Moreover, the September 2001 motion

for turnover of the remainder of the Plan proceeds distributed to Anna, the same proceeds at

issue in the latest motion to reissue summary judgment, requested over $150,000.

The alleged basis for federal question jurisdiction, that determinations regarding the

distribution of Plan funds is within the exclusive jurisdiction of the federal court under ERISA,

was also ascertainable at the latest in 2001.  There should have been no doubt at that time that

the parties were seeking a determination as to who was entitled to benefits under an ERISA-

governed plan.  In fact, reliance on ERISA was made explicit in the first request for turnover of

certain Plan funds filed in July 2001 after the probate court had determined that Emilia was

Mitchell's surviving spouse.  Further, the August 23, 2001 probate court order specifically

discusses the proceeds of Mitchell's Plan.  The subsequent September 19, 2001 petition seeking

an order that Anna turn over all remaining proceeds of the Plan distributions she had received to

Emilia, although not explicitly citing to ERISA, also revealed the possible existence of federal

question jurisdiction.  Instead of removing the action at that time, however, Anna continued to

litigate in probate court.  She cannot now seek a change in venue after participating in probate

court for years without objection.  *See Wilson* v. *Intercollegiate (Big Ten) Conf. Athletic Ass'n*,

668 F.2d 962, 966 (7th Cir. 1982) ("The purpose of the 30-day limitation is twofold: to deprive

the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."). Thus, assuming Thomas has standing to contest removal, Anna's removal was untimely and the case should be remanded to probate court for further proceedings.

## III.    If Thomas does not have standing, the court lacks subject matter jurisdiction.

Alternatively, if the court accepts Anna's argument that Thomas does not have standing to file his motion to remand, remand remains appropriate, for this conclusion undermines any case for subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and remand is appropriate at any time before entry of final judgment if the court concludes it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

For ERISA to form the basis of this court's jurisdiction, the plaintiff must have standing to sue under ERISA. 29 U.S.C. § 1132(a); *Jass* v. *Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) (claim is completely preempted if (1) the plaintiff is eligible to maintain a claim under ERISA § 502(a), (2) the cause of action falls within the scope of an ERISA provision the plaintiff can enforce through § 502(a), and (3) the plaintiff's state law claim cannot be resolved without interpreting the contract governed by federal law). To have standing here, the plaintiff must be a beneficiary seeking to recover benefits or enforce rights under the Plan. *See* 29 U.S.C. § 1132(a); *Hobbs* v. *Blue Cross Blue Shield of Alabama*, 276 F.3d 1236, 1240 (11th Cir. 2001) ("Under the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as

arising under federal law, subject to federal court jurisdiction."); *see also Lehmann* v. *Brown*,

230 F.3d 916, 919 (7th Cir. 2000) (claims cannot arise under ERISA if party is stranger to

ERISA plan).  But by claiming that Thomas is improperly seeking benefits on behalf of a party

without capacity to sue, that the proper party has not been substituted into the action, and that the

motion to reissue summary judgment is a nullity, Anna has foreclosed any claim that ERISA

completely preempts the action.  *See Hobbs* v. *Blue Cross Blue Shield of Alabama*, 276 F.3d

1236, 1240–43 (11th Cir. 2001) (ordering remand to state court where defendant did not

establish that plaintiffs had standing to file action under ERISA); *Clevenger* v. *Securitas Sec.*

*Servs. USA, Inc.*, No. 07-2126, 2007 WL 2973862, at *3–4 (C.D. Ill. Oct. 10, 2007) ("The mere

mention of ERISA is insufficient to create a basis for removal based on complete preemption.

. . . Based on Defendant's argument and evidence . . . regarding Plaintiffs' lack of standing, the

Court concludes that Defendant has failed to satisfy its burden of establishing federal

jurisdiction.").[3]

Similarly, although Anna claims diversity of citizenship because Emilia is a Polish

citizen, if Thomas has no standing and Emilia's estate has not been added as a party to the

action, no proper plaintiff remains whose citizenship may be considered for purposes of

determining diversity jurisdiction.  As Anna herself argues, the "initial pleading" here—the

motion to reissue summary judgment—is then a "nullity," and with no proper plaintiff, there can

be no diversity jurisdiction.  *See* Dkt. 24 at 11.  Thus, remand is proper.

## IV.     Anna's request that the court address the merits.

---

[3] The Supreme Court has declined to find a futility exception to the mandatory language of 28 U.S.C. § 1447(c) requiring remand where the court concludes that there is no jurisdiction. *Int'l Primate Protection League* v. *Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87–89, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991).

Anna insists that the court should address the merits of the claim and find the probate court's orders void. But without subject matter jurisdiction, the court is without authority to do so. *See Steel Co.* v. *Citizens for a Better Env't*, 523 U.S. 83, 101–02, 118 S. Ct. 1003 (1998) ("For a court to pronounce upon the [merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."); *State of Illinois* v. *City of Chicago*, 137 F.3d 474, 478 ("[A] court is not free to decide the merits when there is no justiciable controversy. Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").

Anna's reliance on *Price* to argue that the court must vacate the allegedly void state court judgment is inapposite. In *Price*, the district court and Seventh Circuit only addressed whether the state default judgment was void after determining that removal was proper and the federal courts had jurisdiction over the action. 505 F.3d at 628–32. The Seventh Circuit's discussion that a court must vacate a void order does not apply where that court does not have jurisdiction over the matter. Thus, because the court has determined that the case must be remanded to the probate court, it will not address the merits of Thomas's or Anna's claims.

## V.     Thomas's request for sanctions.

Thomas asks the court to award him his attorneys' fees related to his efforts to obtain remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). A district court should award fees

11

"if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal," but "if clearly established law did not foreclose a defendant's basis for removal," fees should not be awarded. *Lott* v. *Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). The court retains discretion to depart from this rule if it finds unusual circumstances warrant departure. *Martin*, 546 U.S. at 141.

Although the court questions why Anna did not remove this case at an earlier time, the issue of the timeliness of Anna's removal, a waivable defect, should not warrant the imposition of fees. *See Illinois ex rel. Greenblatt* v. *Commonwealth Edison Co.*, No. 11 C 2009, 2011 WL 2550834, at *6 (N.D. Ill. June 27, 2011) (although basis for removal was insufficient and untimely, removal was not objectively unreasonable). *But see TCF Nat'l Bank* v. *W & A Bldg., LLC*, No. 10-CV-3096, 2010 WL 4791454, at * (N.D. Ill. Nov. 17, 2010) (finding that forum defendant rule, a waivable defect, was clearly established law and awarding fees where forum defendant rule's application was clear and diversity of citizenship was lacking regardless). The fact that removal substantively was improper is not determinable from a "cursory glance" of the record. *See Trevino* v. *U-Haul Co. of Ill., Inc.*, No. 08-cv-2255, 2008 WL 4951321, at *7 (N.D. Ill. Nov. 18, 2008) (denying fees where finding that removal was improper required "considerable analysis"). The asserted basis for federal subject matter jurisdiction is complex and nuanced, further made complicated by the long procedural history of this case. Thus, the court concludes that a fee award is not warranted. Anna is cautioned, however, that any additional attempts at removal, if found improper, will merit the imposition of fees and costs.

## CONCLUSION

For the foregoing reasons, this case is remanded to the Circuit Court of Cook County,

Probate Division.  This case is terminated.


Dated:  June 19, 2013                    Enter:  _____
                                                                 JOAN HUMPHREY LEFKOW
                                                                 United States District Judge